UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

SCOTT A. JOHNSON,

    Plaintiff,

v.                               Case No. 5:24-cv-67-TKW/MJF

R. PADGETT, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

The undersigned recommends that the District Court dismiss this civil action because Plaintiff failed to comply with two court orders and failed to prosecute this action.

### I. BACKGROUND

On September 17, 2024, the undersigned ordered Plaintiff to provide the clerk of the court with two service copies of his third amended complaint or submit payment to the clerk to make the copies for him. Doc. 18. The undersigned imposed a compliance deadline of October 1, 2024, and warned Plaintiff that failure to comply with the order likely would result in dismissal of this action. Plaintiff did not comply with that order.

On October 24, 2024, the undersigned ordered Plaintiff to explain and show cause for his failure to comply with the undersigned's order of September 17, 2024. Doc. 19. The deadline to respond to the show-cause order was November 7, 2024. As of the date of this report and recommendation, Plaintiff has not responded to that order.

## II.  DISCUSSION

"Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) (citations omitted); N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss an action, or any claim within it, "[i]f a party fails to comply with an applicable rule or a court order"). A district court also may dismiss a civil action *sua sponte* for failure to prosecute. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R. Co.*, 370 U.S. 626, 632 (1962). Plaintiff failed to comply with two court orders and has failed to prosecute this action. Plaintiff has offered no excuse for his failures and, consequently, has not shown good cause. Accordingly, dismissal of this civil action is appropriate.

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this action without prejudice.

2. **DIRECT** the clerk of the court to close the case file.

At Pensacola, Florida, this 25th day of November, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**